UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 04-30033-MAP |
| | ) | |
| vs. | ) | |
| | ) | |
| RAYMOND ASSELIN, SR., et al. | ) | |
| | ) | |
| Defendants. | ) | |


**GOVERNMENT'S EMERGENCY MOTION FOR COPIES OF EXHIBITS**

The United States of America, by and through Michael J.
Sullivan, United States Attorney for the District of
Massachusetts, and Steven H. Breslow, Assistant United States
Attorney, hereby files this emergency motion asking the court to
order the defendant Peter Davis to produce copies of his
exhibits, or in the alternative to make them available for
copying, by September 1, 2006.  As grounds, the Government may
seek to move *in limine* to bar the admission of some of the
exhibits, but cannot craft a properly tailored motion without
copies of the underlying exhibits.

I.   Background

On February 15, 2006, the Court ordered the Government to
provide a preliminary exhibit list to the defendants on July 24,
2006. See Dkt. 111, p. 3.  The Court's order arose out of its
resolution of defendant Davis's Rule 16 motion and his argument
that Rule 16 compelled the Government to identify what documents

the Government intended to admit in its case-in-chief.

Recognizing the different positions that several courts have

taken, the Court opted to address the issue

> from a practical point of view as an exercise
> of the court's obligation to manage this
> lengthy, complex trial in a way that was fair
> to all parties.

Dkt. 111, p. 2.  Accordingly, the Court ordered the Government to

produce a good faith, comprehensive exhibit list by July 24,

2006.

On or about May 26, 2006, the Government filed its first

Motion for Discovery under Rule 16 because the Government had not

received any reciprocal discovery from any of the defendants.

Rule 16(b)(1)(A), for example, requires a defendant to permit the

Government to inspect and to copy all documents and objects if

"the defendant intends to use the item in the defendant's case-

in-chief."  On June 6, 2006, defendant Davis opposed this motion,

and has to this date not yet provided copies of any documents it

intends to use in its case-in-chief.

On July 24, 2006, the Government duly complied with the

Court's February Order, providing the defendant with a list of

402 exhibits that it intended to introduce at trial.  On August

3, 2006, Magistrate Judge Kenneth P. Neiman ordered that the

government make its trial exhibits available for copying by

August 11, 2006, and the government again duly complied with that

Order.

2

On August 25, 2006, the defendant provided a list of 42 exhibits it intended to introduce in its case-in-chief, but has not yet produced copies of these exhibits.

II.  Argument

Consistent with the Orders of February 15, 2006 and August 3, 2006, the Government asks the Court to require the defendant to provide copies of his exhibits or, in the alternative, to make them available for copying, by September 1, 2006.  First, such an order would be consistent with the Court's practical approach "taken as an exercise of the court's obligation to manage this lengthy, complex trial in a way that was fair to all parties." See Dkt. 111, p. 2.  Second, the Local Rules require the defendants to produce its exhibits four days after the Government must produce its exhibits and "to the same extent that the government is obligated to do so . . . ."  See Local Rules 117.1(A)(8)(b) and 117.1(A)(9).  While the Local Rules technically require these productions to occur seven and three days before trial, respectively, in this case the Court has advanced the time frame of the Local Rules in order to manage the case fairly and expeditiously.  Therefore, a production date of September 1, 2006 by the defendants is entirely consistent with the Local Rules given the new schedule established by the Court. Finally, the Government cannot be expected to file motions *in limine* concerning the defendant's exhibits without knowing what

the defendants intend to introduce at trial.[1]  In fact, this same

need to file motions *in limine* was one of the reasons argued by

the defendants for an early production of the Government's

exhibit list.

     Filed this 29th day of August, 2006.

                   Respectfully submitted,

                   MICHAEL J. SULLIVAN
                   United States Attorney

                     /s/ Steven H. Breslow
                   STEVEN H. BRESLOW
                   Assistant United States Attorney

---

[1]    The Government notes that some of the defendant's exhibits appear to be similar, at least in title, to some of the Government's exhibits.  However, without inspecting the defendant's exhibits, the government cannot adequately assess which exhibits it will seek to exclude or otherwise limit.

<u>CERTIFICATE OF SERVICE</u>

Hampden, ss.                          Springfield, Massachusetts
                                      August 29, 2006


     I, William M. Welch, Assistant U.S. Attorney, do hereby
certify that I have served a copy of the foregoing via electronic
filing upon the following:

James C. Rehnquist, Esq.
Goodwin Proctor & Hoar
Exchange Place
Boston, MA 02109


                              ____/s/ Steven H. Breslow_____
                              STEVEN H. BRESLOW
                              Assistant United States Attorney