

**U.S. Department of Jnstice**

*United States Attorney*
*District of Massachusetts*

*1550 Main Street, Suite 310*
*Springfield, Massachusetts 01103*

August 15, 2006

Roy H. Anderson, Esq.
Box 1420
Springfield, MA  01101

**Re: James Asselin**

Dear Mr. Anderson:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and James Asselin ("Defendant"), in the above-captioned case. The Agreement is as follows:

1. Change of Plea

At the earliest practicable date, Defendant shall plead guilty to Count 3 (Conspiracy to Commit Receipt of Gratuity, a violation of Title 18, United States Code, Sections 371 and 201); Count 85 (Conspiracy to Commit Theft, a violation of Title 18, United States Code, Sections 371 and 641), and Count 86 (Conspiracy to Commit Mail Fraud/Theft of Honest Services, a violation of Title 18, United States Code, Sections 371, 1341 and 1346) of the Superseding Indictment CR-N-04-30033-MAP. Defendant expressly and unequivocally admits that Defendant knowingly, intentionally and willfully committed the afore-mentioned crimes charged in the Superseding Indictment, and is in fact guilty of those offenses.

Defendant further acknowledges that Defendant understands that Defendant enters into this plea agreement as part of a package plea agreement with all defendants charged in the Superseding Indictment except for defendant Peter Davis. Defendant further agrees that Defendant's decision to enter into a package plea agreement is completely knowing and voluntary.

The United States Attorney agrees to dismiss the remaining charges against Defendant at the time of sentencing.

2. <u>Penalties</u>

Defendant faces a maximum term of imprisonment of five years, a fine of $250,000.00, three years of supervised release, and a total special assessment of $300.00 for Counts 3, 85 and 86.

3. <u>Sentencing Guidelines</u>

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties will take the following positions at sentencing under the 2002 United States Sentencing Guidelines:

    A.    The United States will argue for an Offense Level 15 for receipt of gratuities pursuant to §2C1.2(b), §2C1.1(b)(1), §2C1.1(b)(2)(A), and §2B1.1(b)(1)(D) for Count 3. The United States also will agree to a two level decrease for minor participant under §3B1.2(b), resulting in an Offense Level 13 for Count 3. Defendant may contest these calculations at sentencing;

    B.    The United States will argue for an Offense Level 12 for fraud pursuant to §2B1.1(b)(1)(D) for Count 85. The Government will agree to a two level decrease for minor participant under §3B1.2(b), resulting in an Offense Level 10 for Count 85. Defendant may contest these calculations at sentencing;

    C.    The United States will argue for an Offense Level 12 for fraud pursuant to §2B1.1(b)(1)(D) for Count 86. The United States will agree to a two level decrease for minor participant under §3B1.2(b), resulting in an Offense Level 10 for Count 86. Defendant may contest these calculations at sentencing; and,

    D.    The United States will argue for an Offense Level 16 when all three counts of conviction are grouped

under §3D1.4. Defendant may contest this calculation at sentencing.

In the event Defendant contends that there is a basis for departure from the otherwise applicable U.S. Sentencing Guideline range based on his medical, mental and/or emotional condition, or otherwise intends to rely on any such condition at sentencing, Defendant agrees that Defendant will, forthwith upon request, execute all releases and other documentation necessary to permit the U.S. Attorney and his experts (including medical personnel of the Bureau of Prisons) to obtain access to Defendant's medical, psychiatric, and psychotherapeutic records and will also provide to the U.S. Attorney forthwith copies of any such records already in his possession. In addition, Defendant will authorize his care providers to discuss his condition with the U.S. Attorney his and his agents (including medical personnel of the Bureau of Prisons), as well as experts retained by the U.S. Attorney. Defendant also agrees to submit to examinations and interviews with experts retained by and chosen by the U.S. Attorney (including medical personnel of the Bureau of Prisons). The U.S. Attorney reserves the right to oppose Defendant's departure argument(s).

As outlined below at Paragraph 4, Defendant agrees to provide any other departure argument((s) at least twenty-one days prior to sentencing. The U.S. Attorney reserves the right to oppose Defendant's departure argument(s).

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1 to an Offense Level 13, or a sentencing range of 12 to 18 months.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

 (a) Fails to admit a complete factual basis for the plea;

 (b) Fails to truthfully admit his conduct in the offenses of conviction;

 (c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

3

    (d)    Fails to provide truthful information about his financial status;

    (e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (f)    Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

    (g)    Intentionally fails to appear in Court or violates any condition of release;

    (h)    Commits a crime;

    (i)    Transfers any asset protected under any provision of this Agreement; and/or

    (j)    Attempts to withdraw his guilty plea.

Defendant expressly understands that Defendant may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that Defendant receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the United States may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after the date of this Agreement.

4.   <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence before the District Court:

    (a)    a term of incarceration within the sentencing range of 12-18 months. The defendant may file a motion for downward departure and argue for anything less than 12 months as well as argue for a sentence concurrent to his present federal sentence;

    (b)    Fine [unless the court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine];

  (c) Restitution.  The parties agree that the Defendant shall be jointly liable for restitution so that any proceeds recovered from all of the other co-defendants who have agreed to the package plea agreement will offset any restitution ordered by the court.

  (d) Mandatory special assessment; and,

  (e) Supervised release.

 Defendant agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than twenty-one days before sentencing.  Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least twenty-one days before sentencing shall be deemed waived.

 In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

 5. <u>Payment of Mandatory Special Assessment</u>

 Defendant agrees to pay the mandatory special assessment of $300.00 to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

 6. <u>Protection of Assets for Payment of Restitution, Forfeiture and Fine</u>

 Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Defendant has agreed to forfeit pursuant to this Agreement.

 Defendant agrees not to transfer, or authorize the transfer of any other asset in which he has an interest without prior express written consent of the U.S. Attorney, except for:

  (a) Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $10,000.00;

  (b) Ordinary living expenses necessary to house,

    clothe, transport and feed Defendant and those to whom he owes a legal duty of support, so long as such assets do not exceed $4,000.00 per month; and

  (c) Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine, forfeiture and/or restitution ordered by the Court at sentencing as a result of the conduct charged in the Indictment are satisfied in full.

Defendant further agrees that, prior to sentencing, he will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

 7. <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

Defendant is aware that Defendant has the right to challenge his sentence and guilty plea on direct appeal. Defendant is also aware that Defendant may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge:

  (1) Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;

  (2) The adoption by the District Court at sentencing of any of the positions found in Paragraph 3 which will be advocated by the U.S. Attorney with regard to offense conduct, adjustments and/or criminal history under the U.S. Sentencing Guidelines; and

  (3) The imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorney, as set out in Paragraph 4 and, even if the Court rejects one or more positions advocated by the U.S. Attorney or Defendant with

6

regard to the application of the U.S. Sentencing Guidelines.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

Defendant's waiver also shall not extend to an appeal or collateral challenge based solely on the argument that the District Court misunderstood the scope of its authority to depart from the applicable Sentencing Guidelines range, where the District Court states on the record at sentencing both its desire to depart and the basis on which it would depart if it had the legal authority to do so.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

8.  Waiver of Hyde Amendment Claim

Defendant is aware that 111 Stat. 2440, 2520 (1997), the so-called "Hyde Amendment," authorizes courts in criminal cases to award to certain prevailing defendants attorneys' fees and other litigation expenses. In exchange for concessions made by the U.S. Attorney in this Agreement, Defendant voluntarily and knowingly waives any claim that he might assert under this statute based in whole or in part on the U.S. Attorney's agreement in Paragraph 1 to dismiss all remaining counts of the Superseding Indictment.

9.  Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the

sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

 10.  Forfeiture

Defendant will forfeit to the United States any and all assets subject to forfeiture pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461(c) as a result of his guilty plea. The assets to be forfeited include, but are not limited to, cash, tangible and intangible personal property and real estate.

Defendant admits that at least $3,300,000.00 in proceeds are traceable to the violations of 18 U.S.C. §§ 371 and 641 alleged in Count 85 of the Superseding Indictment.

Defendant acknowledges and agrees that the proceeds traceable to the charged offenses cannot be located upon exercise of due diligence, or have been transferred or sold to, or deposited with, a third party, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty. Therefore, Defendant agrees that the United States is entitled to forfeit as "substitute assets" any other assets of Defendant up to the value of the now missing directly forfeitable assets. Accordingly, Defendant hereby agrees to forfeit any interest that Defendant may have in the following substitute assets to the United States:

 (a) 56 Stage Island Road, Chatham, MA (the "Property").

The U.S. Attorney agrees that it will not undertake any civil or criminal forfeiture action against Defendant's interest in any property not identified in the Agreement based on the crimes charged in the Superseding Indictment.

Defendant agrees to assist law enforcement agents and government attorneys in locating, liquidating, recovering, returning to the United States, and forfeiting all forfeitable assets, wherever located, and in whatever names the assets may be held. Defendant shall promptly take whatever steps are deemed necessary by the U.S. Attorney to transfer possession of, and clear title to, all forfeitable assets to the United States. Such steps may include, but are not limited to, executing and surrendering all title documents, and signing consent decrees of forfeiture, deeds, sworn statements relating the factual bases for forfeiture, and any other documents deemed necessary by the government to complete the criminal, civil, or administrative forfeiture proceedings which may be brought against the Property.

In order to assist the United States in locating and forfeiting directly forfeitable and substitute assets, Defendant shall deliver to the U.S. Attorney within thirty days after signing this Agreement a sworn financial statement, executed under the pains and penalties of perjury, fully and truthfully disclosing the existence, nature and location of all assets in which Defendant currently has any legal or beneficial interest, and all assets over which Defendant has exercised control, or has had any legal or beneficial interest, at any time from June 1996 to the present. At the request of the U.S. Attorney, Defendant further agrees to be deposed with respect to Defendant's assets.

Forfeiture of substitute assets shall not be deemed an alteration of Defendant's sentence. The forfeitures set forth herein shall not satisfy or offset any fine, cost of imprisonment, or other penalty imposed upon Defendant, except as set forth in this paragraph, nor shall the forfeitures be used to offset Defendant's tax liability or any other debt owed to the United States. Upon entry of forfeiture and restitution orders in this case, the United States will submit to the Chief of the Asset Forfeiture and Money Laundering Section of the Department of Justice a request to restore any property forfeited in this case to the victims, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(i)(1). If the restoration request is approved, the United States agrees that the forfeited property shall be applied to restitution ordered jointly against all of the defendants except for defendant Peter Davis, who is not a party to the package plea agreement.

In addition to all other waivers or releases set forth in this Agreement, Defendant hereby waives any and all claims arising from or relating to the forfeitures set forth in this section, including, without limitation, any claims arising under the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment, to the United States Constitution, or any other provision of state or federal law.

The United States District Court for the District of Massachusetts shall retain jurisdiction to enforce the provisions of this section.

Defendant hereby waives and releases any and all claims he may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets. Without limiting the generality of the foregoing, Defendant hereby specifically waives and releases

his claims to, and consents to the forfeiture of, the Property.

Defendant agrees to consent to the entry of orders of forfeiture, and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

11. <u>Information For Presentence Report</u>

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

12. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in Paragraph 1 of this Agreement. Defendant agrees to cooperate with employees of the IRS, the Civil Division of the U.S. Attorney's Office, and law enforcement agents working with attorneys in the Civil Division of the U.S. Attorney's Office, in making an assessment of his civil liabilities. Defendant specifically authorizes release by the FBI, IRS or other investigative agency to the aforementioned agencies and their representatives of information for purposes of making that assessment. Defendant further agrees to assent to the filing and allowance of a motion under Rule 6(e) of the Federal Rules of Criminal Procedure, to permit the disclosure of matters occurring before the grand jury for this purpose.

13. <u>Rejection of Plea By Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

14. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any

condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should Defendant breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the United States subsequent to this Agreement without any limitation. In this regard, Defendant hereby waives any defense to any charges which Defendant might otherwise have under any statute of limitations or the Speedy Trial Act.

15. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

16. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney William M. Welch II.

11

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney


By: /s/ Diane Freniere
DIANE FRENIERE
Assistant U.S. Attorney
Chief,
White Collar Crime Section

WILLIAM M. WELCH II
Assistant U.S. Attorney

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. We have discussed that fact that this Plea Agreement is part of a package plea agreement negotiated with all of the other defendants except for Defendant Peter Davis, and my attorney has conveyed the risks and benefits associated with such an arrangement. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty, and I believe this Agreement, including the fact that it is part of a package plea agreement, is in my best interest.

_____
James Asselin
Defendant

Date: August 29, 2006

I certify that James Asselin has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
Roy Anderson, Esq.
Attorney for Defendant

Date: 8/29/06

13