```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,      )   CR-N-04-30033-MAP
                               )
             Plaintiff,        )
                               )
       vs.                     )
                               )
JAMES ASSELIN                  )
                               )
             Defendant.        )
```

**GOVERNMENT'S RESPONSE TO DEFENDANT JAMES ASSELIN'S
MOTION FOR DOWNWARD DEPARTURE**

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Steven H. Breslow, Assistant United States Attorney, hereby files this response to defendant James Asselin's Memorandum in Support Of Motion For Downward Departure (Docket No. 354).

I.  Asselin's Criminal History Category Was Correctly Calculated

The Pre-Sentence Report dated November 22, 2006 (the "PSR"), correctly calculated Asselin's criminal history. Asselin mistakenly states that his sentence for the prior GSEF offense[1] is not a "prior sentence" pursuant to U.S.S.G. §§ 4A1.1 and 4A1.2.

Section 4A1.2(a)(1) defines "prior sentence" as "any sentence previously imposed upon adjudication of guilt . . . for conduct not

---

[1] This offense is described in greater detail in the government's Response to James Asselin's Motion For Downward Departure (Docket No. 352) (citing to the instant PSR at pages 64-72).

1

part of the instant offense." U.S.S.G. § 4A1.2(a)(1). In the Commentary to Section 4A1.2, Application Note 1 states:

> "Prior sentence" means a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense. A sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense. Conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of § 1B1.3 (Relevant Conduct).

Application Note 1, Commentary, U.S.S.G. § 4A1.2.

Here, Asselin contends that the prior GSEF offense qualifies as part of the "same course of conduct" because it is "part of a single episode, spree, or ongoing series of offenses" as defined in the Commentary to U.S.S.G. § 1B1.3. Application Note 9, Commentary, § 1B1.3. The Guidelines suggest that the Court look to the following factors: "the degree of similarity of the offenses, the regularity (repetitions of the offenses, and the time interval between the offenses." Id.

Application of these factors establishes that the GSEF offense was "severable and distinct" from the SHA offense. United States v. Collazo-Aponte, 216 F.3d 163, 203 (1st Cir. 2000). The offenses involved completely distinct victims, accomplices, plans, and intents. Asselin seeks to collapse the two crimes into one by contending that the victims in each offense were "common" because

they were all governmental entities of one sort of another, and that the plan or intent to each crime was common because all involved some kind of a scheme to defraud.

As broad a focus as Asselin might attempt, however, the offenses remain completely severable: the victims were entirely distinct, the accomplices were completely different, and the specific plans or schemes to defraud had virtually no overlap (with the sole exception that Asselin attempted to have his family destroy evidence relating to the SHA crime after the FBI searched his house during an investigation of the GSEF crime).  PSR, ¶ 254.  As a result, the criminal history was correctly calculated.  See id. at 204(finding distinct offenses where "there is no evidence of common victims, accomplices, criminal plans or intent.").

II.  The Government Did Not Manipulate Its Indictments

Asselin suggests that the government manipulated its charges against him in order to obtain a harsher, sequential prosecution.  As an initial matter, Asselin's argument ignores the fact that the two offenses were completely distinct.  The government was entitled to bring separate prosecutions for separate crimes, particularly when folding the sentence for the SHA offense into the sentence for the GSEF offense would have yielded no additional punishment.

Second, the disparate convictions did not result from any deliberate delay by the government, but rather from the ordinary delay attendant with investigating the SHA case and then resolving

it through plea negotiations, which in part were delayed so that the defendant could obtain the benefit of the global plea.

### III. Asselin's Criminal History Category Accurately Represents The Seriousness of His Criminal History

Section 4A1.3(b)(1) provides the standard for downward departure based upon a defendant's criminal history category:

> If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted.

U.S.S.G. § 4A1.3(b)(1).

Here, Asselin simply recycles his earlier arguments, namely that his SHA and GSEF crimes were essentially one and the same, and that the government selectively prosecuted him separately. Both of these arguments fail on their merits.

Moreover, Asselin's case is not the type of "atypical" case warranting a departure. U.S.S.G. Ch. I, Pt. A., intro. comment. (4)(b) (quoting 18 U.S.C. § 3553(b)). Over a broad range of time, Asselin engaged in two separate and serious offenses, defrauding multiple governmental agencies, and then sought to obstruct law enforcement after the government began to investigate.

By contrast, the Guidelines suggest the type of case that might merit departure because criminal history was "significantly less" than that of most defendants in the same criminal history category: "a defendant with two minor misdemeanor convictions close to ten

years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period." Commentary, Application Note 3, U.S.S.G. § 4A1.3; compare United States v. Tom, 330 F.3d 83, 96-97 (1st Cir. 2003) (district court refused to depart even though defendant's criminal history was based on motor vehicle offenses which were non-violent and not drug oriented); United States v. Lacy, 99 F.Supp.2d F.3d 108, 122-123 (D. Mass. 2000) (Gertner, J.) (district court granted departure where defendant's prior arrests resulted from minor drug crimes and the kind of petty crime associated with "'a poor addict's attempt to acquire money for the purchase of narcotics'") (citation omitted).

IV. Conclusion

    For the foregoing reasons, the Government respectfully asks that the Court impose a consecutive sentence with no downward departure from the Advisory Guidelines Range.

    Filed this 28th day of November, 2006.

                               Respectfully submitted,

                               MICHAEL J. SULLIVAN
                               United States Attorney


                               /s/ Steven H. Breslow
                               STEVEN H. BRESLOW
                               Assistant United States Attorney

CERTIFICATE OF SERVICE

Hampden, ss.                                Springfield, Massachusetts
                                            November 28, 2006


    I, Steven H. Breslow, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by electronically filing and mailing said motion to:

Daniel Kelly, Esq.
101 State Street
Suite 715
Springfield, MA  01103
Counsel for defendant Francis G. Keough

Lori Levinson, Esq.
66 West Street
Pittsfield, MA  01201
Counsel for Defendant Angel T. Guzman

Michael Foy, Esq.
935 Main Street, Suite 203
Springfield, MA  01103
Counsel for Defendant Michael P. Hallahan


                                                  /s/ Steven H. Breslow
                                              STEVEN H. BRESLOW
                                              Assistant United States Attorney